## No. 458.

MRS. T. J. MANGRUM AND HUSBAND *v.* MRS. C. NORSWORTHY, Tutrix.

There is no validity in the defense that, as the plaintiff who sues for the settlement of a commercial partnership, was not separated in property from her husband, the funds which she put in belonged to the community and she has no right of action.

Plaintiff has the right to sue for a settlement, if she was a partner, because this essential right exists in every partnership. Whether the capital which she put in belonged to her or not is a question that does not concern the defendant. Plaintiff's husband, having signed the contract of partnership, authorizing her to make it and having also authorized her to bring this suit, can never demand of the defendant the funds put in by his wife, whether they belonged to the community or not.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray,* J. *Todd & Brigham,* for plaintiffs and appellants. *Newton & Hall,* for defendant and appellee.

WYLY, J. This is a suit for the settlement of a commercial partnership. The petition alleges in substance: That on the twentieth of January, 1869, Mrs Mangrum, one of the plaintiffs, entered into a contract of partnership with one D. W. Norsworthy, whose succession is represented by the defendant, Mrs. C. Norsworthy, tutrix, for the purpose of carrying on a family grocery in the town of Bastrop; that the business was to be conducted in the name of Norsworthy alone, and each of the partners were to contribute equally in capital, and share equally in the profits of the concern; that plaintiffs had put into the partnership two thousand dollars, and that the profits of the business amounted to at least fifteen hundred dollars; that the partnership lasted one year under the contract, and that Norsworthy died before any settlement of the same. They prayed that a settlement of the partnership be decreed, and for judgment for the two thousand dollars invested by plaintiff, Mrs. Mangrum, in the partnership, and one-half of the profits of the business.

The defendant answered by a general denial.

There was judgment of nonsuit and the plaintiff appeals. The contract of partnership is in the record, and it shows that the plaintiff and D. W. Norsworthy were equal partners, each putting in the business an equal amount of capital.

The assets of the partnership consist of claims against various persons for goods sold on credit, amounting in the aggregate to $3278 58. There appears to be no debts. The assets should be divided between the partners equally.

The defendant, however, contends that as the plaintiff was not separated in property from her husband, the funds which she put in belonged to the community and the plaintiff has no right to sue.

Plaintiff has the right to sue for a settlement of the partnership if

she was a partner, and of this, in view of the evidence, there can be no doubt; because this essential right exists in every partnership.

Whether the capital which she put in belonged to her or not is a question that does not concern the defendant. If she had stolen the money which was invested by the partnership, it would be no reason why there should not be a settlement between the partners. Plaintiff's husband signed the contract of partnership authorizing her to make it. He also authorized her to bring this suit. He can never demand of the defendant the funds put in by his wife, whether they belonged to the community or not.

As the accounts which compose the assets may not all be owing by solvent persons, and as they can not well be divided in kind, we have concluded to order the sale thereof and direct that the proceeds be equally divided between the plaintiff and defendant.

It is therefore ordered that the judgment appealed from be annulled, and it is ordered that the accounts in the record be sold according to law, and that the sheriff after deducting the expenses of the sale pay over the proceeds, one-half to the plaintiff and the other half to the defendant.

. It is further ordered that defendant pay costs of this suit in both courts.

Rehearing refused.